STEPTOE, JUDGE:
On November 17,1987, at approximately 10:00 a.m., the 19-year-old claimant and a passenger in his 1977 Chevrolet C-10 350 V-8 pickup truck collided with a tractor trailer on Route 21, hereafter referred to as Sissonville Drive, in Kanawha County. The collision caused the death of the passenger and claimant sustained serious and permanent injury. Claimant’s vehicle allegedly hydroplaned while traveling north on Sissonville Drive, a two-lane highway, and crossed the center line into the path of the southbound tractor trailer. The accident occurred in the southbound lane, approximately 500 feet north of the intersection of Route 21 and the Tuppers Creek exit of Interstate 79, 100 feet north of Floyd Young’s Body Shop. Claimant alleges that the accident site had a problem with standing water which an adjoining property owner had previously called to the attention of the respondent. The road surface in the area of the accident is lower than the berms and this condition causes water to stand and pool on the highway. Claimant further alleges that drainage along the described highway was not adequately maintained.
Respondent contends that extremely heavy rainfall caused the water to accumulate on the road surface, and that there was a general accumulation of water throughout the area caused by heavy rain. Respondent also contends that claimant failed to exercise reasonable caution in this weather, and operated his vehicle in a negligent manner. Specifically, respondent’s position is that claimant’s vehicle when he lost control of the vehicle, and, therefore, claimant’s own negligence was the proximate cause of this accident.
David A. Young, a witness for claimant, testified that he and his wife reside at 5532 Sissonville Drive which is near the scene of the accident. Mr. Young did not witness the accident as it occurred, but was present at the scene shortly thereafter. Mr. Young explained that this residence is owned by his mother-in-law. Mr. Young testified that he called respondent “two or three times” prior to claimant’s accident, about water collecting on the road surface and creating a dangerous condition, such as ice. Mr. Young said his calls were directed to the North Charleston maintenance office of the respondent. He further stated that the specific problem area was from his residence to Floyd Young’s Body Shop, some 500 feet away. When asked specifically what created the standing and pooling of water in the described road section, the witness said “because gravel and the berm are higher than the blacktop.”
*162 Respondent introduced a federal government rainfall report indicating that heavy rain had fallen at the airport on the date of the accident. The Court observes that all witnesses when asked about the weather on the date of the accident likewise answered that rain had fallen.
The investigating police officer, Sgt. Robert Long, of the Kanawha County Sheriffs Department, testified that in his opinion “standing water did contribute to Mr. Miller hydroplaning. ” He observed that there was approximately one-half to one inch of standing water which crossed both lanes. However, when asked by claimant’s counsel how far from the accident was the standing or pooling water, Sgt. Long answered, “the pooling of water was just approximately in front of the body shop itself, located at 5932 Sissonville Drive. The accident occurred, as I stated, approximately a hundred feet or so north, and Sgt. Long testified that claimant would have passed through the pooling water shortly before the accident. Sgt. Long explained to the Court that no skid marks or any physical evidence to identify or approximate speed were found. However, other witnesses who gave statements to Sgt. Long estimated claimant’s speed between 30 to 35 miles per hour. The posted speed limit for this area is 40 miles per hour.
The first issue to be considered by the Court is whether respondent was negligent in its maintenance of Sissonville Drive, and whether such negligence was the proximate cause of claimant’s injury. The totality of the evidence does not demonstrate negligence upon the part of the respondent. For respondent to be held liable, claimant must establish that respondent had actual or constructive notice of a particular road defect and that respondent had a reasonable amount of time for corrective action to be taken. Davis v. Dept. of Highways, 11 Ct. Cl. 150 91977). The evidence in this case only suggests a possible defect, namely inadequate drainage, resulting from a road surface that was allegedly lower than the berm. The existence of the pooling of water does not in and of itself demonstrate inadequate drainage. The pooling of water is a common occurrence on asphalt paved roads due to the uneven nature of this type of road surface. Such pooling occurs especially during and after heavy rainstorms. The record in this claim is replete with testimony concerning the slop of the road surface with no nexus of said defect to negligence by respondent. It is the opinion of the Court that respondent was not negligent in the maintenance of Sissonville Drive at the scene of claimant’s accident.
The second issue considered by the Court is the negligence of the claimant. Although claimant drove through an area of standing water, the driver immediately behind him, Tony Burdette, testified that he did not see any brake lights from claimant’s truck. The witness further testified that claimant “spun out a lot when he did take out...” This testimony and the testimony of Sgt. Long suggests that claimant may not have been exercising reasonable care under inclement weather conditions. A traveler on the State’s highways is responsible for operating his vehicle in accordance with the conditions then and there existing. This requires the reasonable and prudent driver to drive with a higher degree of care when traveling on wet pavement in order to slow the vehicle when approaching pools of water on the pavement. The Court is of the opinion that the speed of the claimant’s vehicle was greater than a reasonable speed under the circumstances and conditions then and there existing.
*163 In accordance with the findings stated hereinabove, the Court is of the opinion to and does deny this claim.
Claim disallowed.